10-3502-ag
Lu v. Holder

BIA
A073 767 339

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of April, two thousand twelve.

PRESENT:
    DENNIS JACOBS,
        *Chief Judge,*
    ROSEMARY S. POOLER,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

QICAL LU,
        *Petitioner,*

        v.                                          10-3502-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Lee Ratner, *of counsel for* Michael
                         Brown, Law Offices of Michael Brown,
                         New York, N.Y.

FOR RESPONDENT: Sarah Maloney, Trial Attorney *for* Tony West, Assistant Attorney General & James E. Grimes, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Qical Lu, a native and citizen of China, seeks review of an August 10, 2010, decision of the BIA denying his motion to reopen. *In re Qical Lu,* No. A073 767 339 (B.I.A. Aug. 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the BIA evaluates country conditions evidence, we review that determination for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

There is no dispute that Lu's October 2009 motion to reopen was untimely and number-barred, because it was his second such motion and because the BIA entered a final

administrative order of removal in May 1998. *See* 8 U.S.C. § 1229a(c)(7)(C)(I); 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations do not apply to a motion to reopen asylum proceedings that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); 8 U.S.C. § 1229a(c)(7)(C)(ii).

The BIA did not abuse its discretion in concluding that Lu's Falun Gong activities in the United States constituted a change in personal circumstances rather than a change in conditions "arising in the country of nationality," 8 U.S.C. § 1229a(c)(7)(C)(ii);  8 C.F.R. § 1003.2(c)(3)(ii), and therefore were not sufficient to overcome the time and number limitations, *see, e.g.*, *Wei Guang Wang v. BIA*, 437 F.3d 270, 272-74 (2d Cir. 2006) (making clear that the time and numerical limitations on motions to reopen may not be suspended because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States"); *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-131

3

(2d Cir. 2005) (holding that a change in personal circumstances does not qualify as "changed circumstances" so as to invoke the exception provided by 8 C.F.R. § 1003.2(c)(3)(ii)).

In addition, Lu's argument that the BIA abused its discretion in declining to credit the unauthenticated village notice he submitted is unavailing. The BIA did not require that the village notice be formally authenticated, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-05 (2d Cir. 2005), but rather observed that it had not been authenticated and was unsigned, and that its reliability was therefore doubtful, particularly since Lu previously had been found not credible. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir. 2007) (concluding that the BIA did not abuse its discretion in declining to credit a purported village notice where the document was not authenticated and the alien had been found not credible). Because Lu failed to otherwise demonstrate that Chinese authorities were aware or likely to become aware of his Falun Gong activities – or to otherwise establish changed country conditions – the BIA did not abuse its discretion in denying his untimely motion.

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                         FOR THE COURT:
                         Catherine O'Hagan Wolfe, Clerk